RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9 / 11 / 15

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| B.B., A MINOR CHILD, B/N/F CARLOS BEARD AND TAMMYE BEARD | CIVIL ACTION NO. 11-1451 |
| -vs- | JUDGE DRELL |
| CATAHOULA PARISH SCHOOL DISTRICT | MAGISTRATE JUDGE KIRK |

## R U L I N G

Before the Court is Plaintiffs' Motion for Attorney Fees as relief for their suit under the Individuals with Disabilities Education Improvement Act ("IDEA"),[1] 20 U.S.C. § 1400 et. seq. (Doc. 48). All responses have been filed and the matter is ready for disposition. For the following reasons, Plaintiffs' motion will be GRANTED in the amount of $58,041.94.

### I. Factual and Procedural Background

The underlying facts of this case have been discussed at length in the previous ruling issued by this Court. For brevity's sake, we adopt those factual statements here. See doc. 46 at 1–3.

Plaintiffs filed for a Due Process Hearing with an Administrative Law Judge ("ALJ") against CPSB on January 31, 2011. (Doc. 1 at 10; Doc. 27-4 at 9–18). The request for a Due Process Hearing was then revised and refiled on February 2, 2011.

---

[1] The Individuals with Disabilities Education Act, commonly referred to as IDEA, was amended in 2004 with the Individuals with Disabilities Education Improvement Act (IDEIA). Despite this amendment, the legislation is still referred to as "IDEA" or "IDEA 2004."

(Doc. 1 at 10; Doc. 27-4 at 19–30).  There, Plaintiffs contended that CPSB failed to provide B.B. a free appropriate public education ("FAPE") from February 2, 2010 to February 2, 2011 and listed twenty-five alleged violation of the IDEA.  (Doc. 27-4 at 22–23).

A hearing was conducted by an ALJ from March 28, 2011 to March 31, 2011. (Doc. 16-4 at 1).  The ALJ issued a twenty-three page decision and order on May 26, 2011 (Id. at 1–23), and found that CPSB failed to provide the least restrictive transportation environment, but that Mr. and Mrs. Beard had failed to prove B.B. was denied FAPE.  (Id. at 12–23).

Plaintiffs filed a complaint in this Court on August 10, 2011 arguing the same twenty-five alleged violations of the IDEA to appeal the  due process decision made by the ALJ.  (Doc. 1).  On cross motions for summary judgment, the Court upheld much of the administrative law judge's decision.  (Doc. 46). However, we agreed that B.B. was not transported in the least restrictive environment, but that no additional training for CPSB personnel was needed.  (Id. at 12, 29).  We also agreed that the "spatting" incident was not evidence of CPSB's lacking coordination and collaboration with respect to B.B.'s education.  (Id. at 27, 29).  However, we disagreed with the ALJ regarding whether CPSB followed the proper procedures to provide B.B. with a Free Appropriate Public Education ("FAPE").  (Id. at 14–20).  We found that Defendant's failure to include a regular education teacher at an Individualized Education Program meeting that resulted in B.B.'s removal from all academic regular education classes was a procedural violation of the IDEA that denied B.B. of FAPE because it produced substantive harm.  (Id. at 29).  In so doing,

our ruling opined that the Plaintiffs were prevailing parties.  (Id., Doc. 47).  Plaintiffs now request attorney's fees and costs.  (Doc. 48).

## II. Law and Analysis

To be eligible to be awarded attorney fees in such cases, the party seeking fees must be considered the prevailing party.  20 U.S.C. § 1415 (i)(3)(B)(i); Gary G. v. El Paso Indep. Sch. Dist., 632 F.3d 201, 208 (5th Cir. 2009).  While we have already found the Plaintiffs to be the prevailing party in its previous ruling, that is but step one. We still must decide whether attorneys fees should be actually awarded.  (Doc. 46 at 29; Doc. 48).

Under IDEA, the Court "in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I).  It is important to note: "finding that a party is a prevailing party only makes him *eligible* to receive attorneys' fees under the IDEA; it does *not automatically entitle* him to recover the full amount that he spent on legal representation." The party must also have been substantially justified in rejecting any settlement offer made by the Defendant in accordance with the statutory scheme.  Gary G., 632 F.3d at 208 (quoting Jason D.W. v. Houston Ind. Sch. Dist., 158 F.3d 205, 209 (5th Cir. 1998)).  For proceedings brought under the IDEA, attorneys' fees are generally calculated according to the principles outlined in Hensley v. Eckerhart, 461 U.S. 424 (1983). See Jason D.W., 158 F.3d at 208.

In Hensley, the Supreme Court instructed that reasonable attorneys' fees are determined using a two-step procedure.  461 U.S. at 433.  In cases where such fees are allowable, the Fifth Circuit has explained the general procedure for the

3

calculation of reasonable attorney's fees as follows:

> Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Id. Then, the district court must multiply the reasonable hours by the reasonable hourly rates. Blum v. Stenson, 465 U.S. 886, 888 (1984) (defining base fee to be product of reasonable hours and reasonable rate); Hensley, 461 U.S. at 433 (defining product of hours reasonably expended and reasonable hourly rates as "the most useful starting point"); Brantley v. Surles, 804 F.2d 321, 325 (5th Cir. 1986) (stating hours multiplied by rate to be normal basis for fee). The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case. Brantley, 804 F.2d at 325. Determinations of hours and rates are questions of fact. See Bode v. United States, 919 F.2d 1044, 1047 (5th Cir. 1990) (reviewing hours for clear error).

La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 323–24 (5th Cir. 1995) (internal parallel citations omitted).

The lodestar calculation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley, 461 U.S. at 433, and this estimate enjoys a strong presumption of reasonableness. Saizan v. Delta Concrete Prods. Co., 448 F.3d 795, 800 (5th Cir. 2006).[2] Accordingly, courts should not deviate upward from the lodestar unless a fee applicant proves an enhancement is necessary to make the fee award reasonable. Watkins v. Fordice, 7 F.3d 453, 459 (5th Cir. 1992) (citing Blum v. Stenson, 465 U.S. 886, 897–98 (1984)).

As noted in La. Power & Light Co., "[a]djustment of the lodestar in this circuit involves the assessment of a dozen factors" from Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), which include:

---

[2]  See also Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986) ("[T]he figure resulting from [the lodestar] calculation is more than a mere 'rough guess' or initial approximation of the final award to be made. . . . '[W]hen the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee' to which counsel is entitled.) (citations omitted).

(1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases.  488 F.2d at 717–19.

La. Power & Light Co., 50 F.3d at 329 n.19. While we must consider each of these factors in turn, the Fifth Circuit has suggested that district courts give "special heed" to the following Johnson criteria: (1) the time and labor required; (5) the customary fee; (8) the amount involved and the results obtained; and (9) the experience, reputation, and ability of counsel. Saizan, 448 F.3d at 800 (citing Migis v. Pearle Vision, 135 F.3d 1041, 1047 (5th Cir. 1998) (citations omitted)). However, several factors often are subsumed within the initial lodestar calculation, so courts must be careful not to "double count" those criteria already considered. Id.

It is well settled that not all twelve Johnson factors have equal weight, and the Supreme Court decreed that the "'most critical factor' in determining the reasonableness of a fee award is 'the degree of success obtained.'" Jason D.W., 158 F.3d at 209 quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992).  See also Hensley, 461 U.S. at 436; Von Clark v. Butler, 916 F.2d 255, 258 (5th Cir. 1990).  The degree of success obtained is "particularly crucial when . . . a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims." Jason D.W., 158 F.3d at 209 (citing Hensley, 461 U.S. at 434).

However, in modification of the foregoing considerations for attorneys' fees in general, there are other specific considerations under the IDEA for making an

award. Under the IDEA, attorneys' fees awarded in IDEA cases "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).  In some situations, attorneys' fees may be prohibited or reduced by the statute. See 20 U.S.C. § 1415(i)(3) (D)–(G).  Under 20 U.S.C. § 1415(i)(3)(D), attorneys' fee awards are prohibited in certain circumstances, including but not limited to fees related to IEP meetings not called as a result of an administrative proceeding or judicial action. The Court also has the discretion to reduce the award of attorneys' fees: if the parent or parent's attorney unreasonably protracts final resolution; if the amount of the fees unreasonably exceeds the hourly rate prevailing in the community for similar services; if the time spent and/or legal services provided were excessive; or if the attorney representing the parent did not provide the appropriate information in the notice of the complaint. 20 U.S.C. § 1415(i)(3)(F).

## A. Plaintiffs' Motion for Attorneys' Fees

Plaintiffs filed the present Motion for Attorneys' Fees with the Court on October 17, 2013 seeking some $169,465.50 in attorneys fees. (Doc. 48).  Plaintiffs filed a reply on November 14, 2013 and now request an additional $1,410.00 in attorney's fees to reimburse Plaintiffs for counsel's time spent reviewing the fee opposition motion and drafting the reply brief.  (Doc. 53 at 7).  Thus, the Plaintiffs now seek a total of $170,875.50 in attorneys' fees.  (Id.).

Defendant contends that any requested attorney fee award should be denied or substantially reduced because: (1) claims regarding the resolution session failed and any attorney's fees associated with work done on it should be denied; (2)

Plaintiffs rejected CPSB's written settlement offer and the result of litigation was not better than the settlement offer; (3) Plaintiffs had limited success and did not prevail on every claim; (4) Plaintiffs' hourly rate is unreasonably high; (5) Plaintiffs should not be entitled to an award of attorneys fees and costs for becoming familiar with Louisiana rules and procedures; (6) the legal work of multiple firms and attorneys is redundant and lacks specificity; and (7) equity requires a significant reduction of the fee request because the result obtained is substantially limited and well below the relief sought.  These contentions and considerations are properly considered with the corresponding Johnson factors *infra* as part of the Lodestar analysis.

## B.  Mandatory Statutory Bar to Awarding Certain Attorneys' Fees under IDEA

Defendant argues that attorneys' fees earned after Defendant's Offer of Settlement should be denied pursuant to 20 U.S.C. § 1415(i)(3)(D)(i–iii).  (Doc. 52 at 13).  This section of the IDEA allows attorneys' fees to be barred for services rendered after a written settlement offer if the offer was made at least 10 days before the due process hearing commenced, if the offer is not accepted within 10 days, and if the parents do not achieve more relief than was offered in settlement. 20 U.S.C. § 1415 (i)(3)(D)(i–iii); see also El Paso Indep. Sch. Dist. v. Richard R., 591 F.3d 417, 426 (5th Cir. 2009).  Defendant argues that Plaintiffs rejected settlement and achieved no greater relief (and arguably less relief) than offered by CPSB in its Offer of Settlement.  (Doc. 52 at 13).

We must determine whether CPSB's offer of settlement fits the requirements of 20 U.S.C. § 1415 (i)(3)(D)(i–iii).  In this case, the CPSB sent the Plaintiffs a written offer of settlement on March 17, 2011.  (Doc. 52 at 11; Doc. 52-1 at 1–9).  The due process

hearing commenced on March 28, 2011, and the Court finds that CPSB's written settlement was made more than 10 days before the administrative proceeding. (Doc. 16-4 at 1).  While Plaintiffs did send a counter-offer to CPSB, the Plaintiffs did not accept CPSB's offer and the parties did not agree to a settlement before the due process hearing.  (Doc. 52 at 11–12).  Accordingly, § 1415(i)(3)(D)(i) and its' potential bar to awarding attorneys' fees is in play in the case.  Gary G., 632 F.3d 201 at 208.  Thus, our determination will turn on the Court's finding of whether the relief finally obtained by Plaintiffs is "more favorable" than the offer of settlement. 20 U.S.C. § 1415 (i)(3)(D)(iii).

I.      Relief included in School Board's Offer of Settlement

CPSB's March 17, 2011 offer included:

- training extensively district personnel who interact with B.B.;

- providing B.B.'s health plan and behavior plan to his bus aide;

- consulting with an independent professional to develop and implement an appropriate Behavioral Intervention Plan;

- providing a trained individual to monitor B.B.'s Individualized Education Program ("IEP") and Behavioral Intervention Plan for progress;

- conducting a comprehensive re-evaluation of B.B. in all areas of suspected disability, including social skills and occupational therapy;

- considering transferring B.B. to another school site, six (6) hours of speech therapy services over the summer; and

- reimbursing reasonable attorneys' fees not to exceed $4,995.00. (Doc. 52-1 at 5–7).

8

The Plaintiffs sent a counter-offer for settlement on March 23, 2011, which was one day after the school board's offer closed. (Doc. 52-1 at 7; Doc. 52-2 at 1). Defendant contends that the school board's offer already includes item numbers 1–10 and 12–13 of Plaintiffs' counter demands with a minor exception of reserving the right to select the "independent professional" used. (Doc. 52 at 12). While there is considerable overlap, the Court finds that Plaintiffs did request markedly more expansive relief in their counter-offer for settlement. For example, instead of training special education staff members who would work personally with B.B. on least restrictive environment requirements as offered by the school board, the parents requested the same training for *all* staff in the entire school district as well as an obligation for the district to send invitations to the members of the school board and all parents of current students in the district. (Doc. 52-1 at 5; Doc. 52-2 at 6). In addition, Plaintiffs also demanded: the placing of B.B. on the regular education bus, the filing of a federal court petition to make B.B.'s placement in another school lawful under the desegregation order currently governing CPSB, the awarding of forty (40) hours of compensatory speech services for B.B. that summer, one year of compensatory education after B.B. is no longer eligible for special education services, and reimbursement of expenses including but not limited to attorneys' fees in the amount of $53,809.66. (Doc. 52-2 at 6–8). Defendant did not agree to the counter offer and note it objected particularly to the extra year of compensatory education after B.B.'s eligibility for special education expired and to the reimbursement of attorneys' fees because it included fees for IEP meetings and

resolution sessions in violation of the IDEA.[3]  (Doc. 52 at 12).

II.      Relief Ultimately Obtained by Plaintiffs

Ultimately this Court only ruled that B.B. had to be transported in the least restrictive environment on the regular education school bus, that the procedural errors by Defendant resulted in a denial of a Free Appropriate Public Education, and that Plaintiffs were prevailing parties.  (Doc. 47 at 1–2).  The Court deferred to B.B.'s IEP Team to determine what compensatory education, if any, was appropriate to redress these errors.  (Doc. 47 at 1).  Ultimately, on November 13, 2013, the IEP Team determined that B.B. was entitled to one extra year of compensatory education.  (Doc. 53-6 at 2).  The compensatory education will commence once B.B. is no longer eligible for special education services at age twenty-two and will extend his formal education until age twenty-three (23).  (Doc. 53-6 at 1).

Determining whether relief in an offer is more favorable than the final relief awarded to the Plaintiffs can be difficult.  However, in this case, the Court finds that the relief in Defendant's Offer of Settlement (including the various training, monitoring, re-evaluation of B.B., attorneys fees capped at $4,995.00, and six(6) hours of compensatory speech services) is not greater than a year of compensatory education and the right to be transported in the least restrictive environment that was ultimately obtained by the parents.  Thus, the Court finds that the Plaintiff's final relief is somewhat (but only somewhat) greater than the relief offered by the Defendant so the statutory bar forbidding the award of attorneys fees earned after

---

[3]Plaintiffs argue that "there is nothing in the law that prohibited Plaintiffs from requesting or receiving reimbursement" for attorney attendance at the IEP meeting and resolution sessions and that Defendant could have negotiated with Plaintiffs. (Doc. 53 at 5). As it has no bearing on the relief ultimately received by Plaintiffs, the Court need not address the argument.

the resolution session under 20 U.S.C. § 1415 (i)(3)(D)(iii) does not apply to this case. However, for the reasons provided hereinafter, we find the requested amounts are nonetheless substantially excessive in some instances.  This finding is in accord with the logic used by the Fifth Circuit in El Paso Independent School Dist. v. Richard R., 591 F.3d 417 (5th Cir. 2009) at 425:

> We need not resolve the issue today whether a party who rejects a settlement offer and obtains from an administrative hearing officer or the district court no more educational benefit than the settlement offered is technically a "prevailing party."  Instead, we assume, without deciding, that R.R. is a prevailing party simply because he achieved a judicial order of relief, and we consider only whether R.R.'s rejection of EPISD's settlement offer should affect the amount of R.R.'s attorney's fees award.  In so doing, we leave for another day the question whether denying prevailing party status in these circumstances might also be appropriate under the IDEA.

III.    Attorneys' Fees for Failed Resolution Session Motion

As an initial matter, Defendant contends that any attorneys' fees associated with Plaintiffs' motion regarding the resolution session should be denied because the ALJ and this court did not find in favor of the Plaintiffs on that issue.  (Doc. 52 at 11). Plaintiffs have argued in their motion for attorneys' fees that CPSB failed to "properly participate" in the Resolution Session in violation of 34 C.F.R. §§ 300.510(a)(1)(i) and 300.613(a).  (Doc. 48-1 at 5 n. 5).  Plaintiffs state that these violations are "explained in Plaintiff's Status Report and Motion and Order for Requested Relief" but fail to locate the motion in this record.  (Doc. 48-1 at 5).

CPSB presumes that Plaintiffs intended reference to their motion dated February 18, 2011 (which bears the same name entered on page thirty-four of Document 13 in the record).  (Doc. 52 at 11).  This motion by the Plaintiff, during the administrative proceeding urged three contentions: (1) CPSB failed to provide a

representative authorized by the local education agency to grant all requested relief at the resolution session in violation of 34 C.F.R. § 300.510(a)(1)(i); (2) CPSB failed to provide requested documents before the resolution session in violation of 34 C.F.R. § 613(a);[4] and (3) the ALJ should order the district to provide the requested records and determine that any settlement offer made from this point forward until the due process hearing will be enforceable in district court under 20 U.S.C. § 1415(f)(1)(B)(iii).  (Doc. 13 at 34–42).

Plaintiffs have also failed to include the specific order by the ALJ relating to their contention that the Defendant did not properly participate in the resolution session.  (Doc. 48-1 at 5 n. 5 stating "Review ALJ's Order regarding same").  The Court surmises and assumes that the relating order is the ALJ's March 25, 2011 order: "Decision and Order Denying Parents' Motion to Compel Production of Documents" (Doc. 27-3 at 53–54) and another "Decision and Order Denying Parents' Motion to Enforce Settlement Offer" (Doc. 27-3 at 51) because these orders pertain to the same subject matter as the motions at issue and both orders reference motions made by Plaintiffs on February 18, 2011.  (Doc. 27-3 at 51, 53–54; Doc. 13 at 34).

The ALJ's "Decision and Order Denying Parents' Motion to Compel Production of Documents" denied Plaintiffs' request to compel certain documents because the ALJ found that "[d]iscovery is not an IDEA due process right" and did not find that Defendant violated  34 C.F.R. § 300.613(a) as alleged.  (Doc. 27-3 at 53–54).  The ALJ's "Decision and Order Denying Parents' Motion to Enforce Settlement Offer"  (Doc. 27-3 at 51) denied Plaintiffs' request to enforce a settlement

---

[4]This citation appears to be a typographical error and Plaintiff intended to cite 34 C.F.R. § 300.613(a), which they refer to in another document, instead of 34 C.F.R. § 613(a), which does not exist.

offer under 20 U.S.C. § 1415(f)(1)(b)(iii) because no settlement offer had been accepted by the Plaintiffs.  (Doc. 27-3 at 51).  While these two orders responded to Plaintiffs' administrative motion, the ALJ's orders do not reference Plaintiff's contention that CPSB violated 34 C.F.R. § 300.510(a)(1)(i) (because of the claim that a representative authorized to grant all requested relief was not present at the resolution session.  (Doc. 13 at 34–36; Doc. 27-3 at 51, 53–54).  Plaintiffs cite no evidence and the Court finds no evidence in the record supporting Plaintiffs' contention that CPSB did not properly participate in the resolution session in violation of 34 C.F.R. § 300.510(a)(1)(i).  (Doc. 48-1 at 5, n. 5).

Because the Court finds that Defendant did not violate  34 C.F.R. § 300.510(a)(1)(i) as Plaintiffs allege, we agree with CPSB's argument that any attorneys' fees associated with Plaintiffs' earlier motion for a resolution session should be denied; neither the ALJ nor this Court found in favor of Plaintiffs on that issue.  (Doc. 52 at 11). Accordingly, we reduce the permissible total of claimed hours by 13.8 hours, representing those hours attributed to failed resolution session motion at issue. [Appendix A at Section I (A)].

IV.   <u>Time Spent Educating Others</u>

There is another unusual aspect of this case that is not lost upon the Court.  In her motion for approval of fees, Ms. Johnson explains that this case was more complex, and required more time because of the relative newness of Louisiana's administrative process, the lack of experience by the Administrative Law Judge, and the need for her, heretofore previously a Texas practitioner, to learn Louisiana law. In usual attorney's fee litigation we might not be concerned about these aspects but

in this IDEA case, we must be.  Specifically under the IDEA time spent that is excessive may result in reduction of the lodestar.  The reduction here is not so much because of Ms. Johnson's having prepared herself on the nuances of Louisiana law, but it is unconscionable to charge the School Board for fees incurred as a result of her, perhaps otherwise laudable, efforts to educate the Louisiana System and the Administrative Law Judge. Our detailed review of the fee bill in this matter indicates that the total hours should be reduced by 18.75 hours, representing time spent on this impermissible task. [Appendix A at Section I (B)].

V.   Additional Attorneys and Paralegals

In further considering the Lodestar, we do find appropriate reductions owed arising from the rather awkward panoply of firms and attorneys who all worked on this case and who all charged potentially billable time.  Ms. Johnson constantly argues how complex this case was.  However, under any view of the case, it would not arguably been such had she not overreached in seeking broad based results. The use of multiple attorneys in an actual or consulting basis was unnecessary, in our view to the obtaining of an appropriate result. All hours claimed by any attorney other than Wesley Johnson or paralegal Edward Saks or expended by Ms. Johnson in concert with these other attorneys or paralegals will be disallowed.  The result is a 138.2 hour deduction from the total hours claimed. [Appendix A at Section I (C)].

VI.   Fees for the Filing of the Instant Motion

Ms. Johnson's fee bill in this matter includes a claim for hours spent preparing and filing the instant motion.  While such fees are not disallowed, per se, under controlling jurisprudence, they remain within the court's discretion according to the

14

criteria discussed herein above.[8]  Our review of the billable hours claimed in furtherance of the instant motion leads us to conclude that they should be disallowed as excessive and duplicative.  Accordingly, we find that the total number of permissible hours for purposes of the Lodestar calculation should be reduced by 19.8 hours. [Appendix A at Section I (D)].

VII.   Reasonable Hourly Rate

As a final matter for consideration, we note Ms. Johnson has submitted the claim at an hourly rate of $250.00 per hour and submits information that this rate is customary and prevailing in this area.  Defendant counters that actual rates for school cases should be a maximum of approximately $150.00 per hour - the rate actually charged by a firm that does almost exclusively desegregation and school cases.  Ms. Johnson does concede, however, that her actual rate charged to parents in these type cases is $175.00, taking into consideration the nature of these cases and affordability of the fee.  In this, we see no reason why there should be a windfall award as these rates posited by local attorneys in their supporting affidavits are said by them to be prevailing rates, but neither attorney represents experience in school cases such as this one.  We do not find Ms. Johnson's quoted hourly rate of $175.00 to be excessive, and do find it to be an otherwise reasonable and prevailing rate here. The total of permissible hours are, thus, multiplied by this permissible hourly rate to achieve the Lodestar.

---

[8]Kellstrom, 50 F.3d at 336 (internal citations omitted).

VIII.    Johnson Factors

Having reached the Lodestar calculation, it is now up to the Court to determine whether or not any amount should be added to or subtracted from that figure based upon the Johnson factors.

As we have observed, it is well settled that attorneys' fees awards may be denied or reduced based on a party's "degree of success obtained."  Jason D.W., 158 F.3d at 209.  We have also noted that, while there was a modicum of success here, it was substantially disproportionate to the results sought and insisted on by plaintiffs.  This limited success calls for a fee reduction of 35% of the Lodestar.  We find no other applicable reason for post-Lodestar reduction. [Appendix A at Section II (A)].

### III. Conclusion

For the reasons detailed above and as reflected on Appendix A to this Ruling, Plaintiffs Motion for Attorney's Fees and Expenses (Doc. 48) will be GRANTED in the amount of $ 58,041.94. Judgment will be rendered in a separate judgment issued on this date.

SIGNED on this /Dday of September, 2015 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

# APPENDIX A TO RULING

I.    Determination of the Lodestar

   A.    Deduction for hours claimed as a result of Plaintiff's "Status Report and Motion and Order for Requested Relief" filed on or about 2/18/2011:

| | | |
|---|---|---|
| 2/18/11 | 3 hrs. | Research regarding district's failure to participate in resolution session and/or failure to have decision-making authority participate in resolution session. (1.3) Research regarding withholding documents using anticipation of litigation exception under state law. (1.2) Research district's obligation to provide parents with student records in advance of resolution session and IEP Team meeting in accordance with federal laws. (0.5). |
| 2/18/11 | 3.2 hrs. | Draft and revise Status report and Request for Relief to hearing officer. (1.8) Prepare exhibits for same. (.4) Prepare caselaw regarding same (.5) Additional research regarding Louisiana precedence for failure to properly participate in resolution session. (.5) |
| 3/1/11 | 1.5 hrs. | Preparation for due process hearing including working with transcriptionist and preparation for prehearing conference with administrative law judge and opposing counsel through document review and review of legal position regarding resolution session improprieties and remedies for same as well as other legal issues raised prior to prehearing conference. |
| 3/2/11 | 1.2 hrs. | Additional review of caselaw supporting issues related to failure to properly hold resolution session and failure to provide requested documents in preparation for prehearing conference. |
| 3/11/11 | 1 hr. | Review opposing counsel's reply brief regarding administrative law judge's authority and lack of procedures for due process hearings. (0.5) Research and review caselaw cited in brief. (0.5) |
| 3/25/11 | 1.8 hrs. | Review judge's denial of "Motion to Enforce Settlement". Review Beard status report and Motion |

1

for Requested Relief filed on February 18.2011 to determine if this is what judge may be responding to and prepare proffer in response to same. Prepare additional proffers regarding documents not provided and judge's decisions regarding same.

1.6 hrs.   Review judge's decision that he has no authority to compel Catahoula Parish School Board to produce any documents in advance of hearing including education records of student at issue and district related documents requested for hearing. Review judge's decision to deny Beard request for continuance for good cause to allow additional time for acquiring necessary documents in event that judge finds that he has no authority to compel provision of same. Research regarding effect of this decision on de novo review at District Court level.

TOTAL:   13.8 hrs.

B.   Deduction for time spent in an effort to "educate" the Louisiana system and the Administrative Law Judge:

2/2/11   3.5 hrs.   Telephone call from the Louisiana Department of Eduction. Review Request for Due Process as well as Model Form from state Department of Education. Research regarding discrepancies in model form and federal regulation requirements. Analysis regarding waiting to respond to School Board Attorney regarding insufficiency arguments versus submitting revised request and restarting timelines quickly. Revise Request for Due Process and submit copy to Department of education and Catahoula Parish School Board.

3/4/11   1.5 hrs.   Research regarding State Department of Education guidelines or procedures regarding due process hearing procedures including telephone calls to the Louisiana Department of Education inquiring as to what former procedures were in place prior to the change from independent hearing officers to Administrative Law Judges. Referred to Steve Cook, former independent hearing officer for the state.

2

|  |  | Telephone call to Steve Cook.  Left message regarding procedures.  Additional research regarding same. |
|---|---|---|
| 3/4/11 | 1.5 hrs. | Research regarding administrative...law judge's authority in discovery issues. |
| 3/7/11 | 1.5 hrs. | Additional research regarding de novo review and administrative law judge authority issues.  Review protraction of legal issues. |
|  | 2.4 hrs. | Review and revise letter brief to administrative law judge regarding his authority to compel school district to produce student education records. |
| 3/8/11 | 1.8 hrs. | Research regarding District and Fifth Circuit de novo review of administrative law judge decision particularly in light of issues regarding lack of evidence or discovery at initial hearing. (.8) Review cases in Fifth Circuit related to same. (.5) Draft and revise letter to hearing officer regarding same. (.5) |
| 3/9/11 | 1 hr. | Detailed telephone conference regarding opposing counsel's response to my brief pertaining to the administrative law judge's authority to compel the production of documents due to the lack of any state issues procedures. (.7) Internal communication regarding briefing of this issue and communication with administrative law division regarding same. (.3) |
| 3/11/11 | 1.5 hrs. | Review opposing counsel's reply brief regarding administrative law judge's authority and lack of procedures for due process hearings. (.5) Research and review caselaw cited in brief. (.5) Review Family Policy Compliance Office letter opinion referenced in same. (.2) Telephone call to Family Policy Compliance Office regarding missing page of letter opinion. (.3) |
| 3/14/11 | 1.6 hrs. | Attorney conference regarding numerous legal issues involved in due process hearing including state procedure issues and analysis of Defendant's lack of understanding of legal obligations regarding federal |

3

|  |  | special education law and provision of student education records. |
|---|---|---|
| 3/15/11 | .9 hrs. | Electronic mail communications with Representative Rosalind Jones, co-author of bill that transferred hearings and prohibits use of Administrative Procedures Act in same. Telephone call to Steve Cook former independent hearing officer for Louisiana Department of Education regarding guidelines for due process hearings. Draft facsimile request for former procedures to Steve Cook. |
| 3/16/11 | .8 hrs. | Communication with Rosalind Jones, co-author of legislation transferring due process hearings, regarding the fact that past procedures have been accessed; however, appears that Department of Education does not intend for administrative law judge to use procedures. (.3) Research and review of same. (.5) |
| 3/28/11 | .75 hrs. | Research regarding administrative law judge ability to compel a subpoenaed witness to attend a hearing. [NOTE: the court split the total time allotted on this date (1.5 hrs.) between this deductible task and another non-deductible task since no division of time was given by Plaintiffs' counsel.] |
| TOTAL: | 18.75 hrs. | |

C.  Deduction for hours claimed for work done by persons other than attorney Wesley Johnson and paralegal Edward Saks or as a result of conferring with other associated counsel and staff:

| Attorney Jeff Dorrell | 32.9 hrs. |
|---|---|
| Attorney Stacy Ferguson | 21.5 hrs. |
| Attorney Philip Marzec | 13.5 hrs. |
| Attorney Donald Walheim | 12.2 hrs. |
| Attorney James M. Heidelberg | 6.9 hrs. |

4

| | |
|---|---|
| Attorney Jim Hollis | 5.1 hrs. |
| Attorney Amy Johnson | 8.1 hrs. |
| Paralegal Amy Johnson | 13.3 hrs. |
| Paralegal Candace Johnson | 1.5 hrs. |
| TOTAL: | 115 hrs. |

Time spent by Attorney Wesley Johnson conferring with prohibited attorneys/paralegals:

| 1/11/11 | .4 hrs. | Consulted with Attorney Ferguson regarding issues that must be addressed prior to filing for due process hearing and school district responses to parent requests |
|---|---|---|
| 2/10/11 | .5 hrs. | Consultation   with Attorney Ferguson regarding federal law requirement that District provide documents prior to resolution session as well as prior to individualized education plan meeting. [NOTE: the court split the total time (1.7 hrs.) between this deductible task and two other non-deductible tasks since no division of time was given by Plaintiffs' counsel.] |
| 3/7/11 | .5 hrs. | Telephone consultation with Jim Hollis regarding co-chair position. |
| 3/8/11 | 1.10 hrs. | Detailed instructions to staff regarding prepartion of file to be sent to James Hollis. (.4) Telephone consultation with Doug Poneck regardin /sic/ same. (.4) Review file regarding same. (.3) |
| 3/9/11 | .5 hrs. | Review and respond to electronic mail communication with attorney Jim Hollis regarding pro hac application and document review and preparation for hearing. (.5) |
| 3/10/11 | .6 hrs. | Telephone consultation with attorney Jim |

5

|            |          | Hollis regarding numerous issues including procedural issues involving the fact that there are no state procedures for due process hearings. (.6) |
|------------|----------|--------|
| 3/11/11    | 1.3 hrs. | Telephone consultation with attorney Jim Hollis regarding hearing preparation and issues involving pro hac vice admission into court in light of lack of any procedural rules for due process hearings. Analysis with Jim regarding strengths and weaknesses of party's positions for hearing; Telephone consultation with attorney Don Walheim regarding desegregation issues related to student placement and special education components and related issues pertaining to special education due process hearings in Louisiana. Review electronic mail communication regarding same. |
| 3/17/11    | .5 hrs.  | Internal consultation with attorneys Philip Marzec and Don Walheim regarding additional ways to request documents and preserve this issue for appeal. (.5) |
| 3/18/11    | .5 hrs.  | Consultation   with Attorney Ferguson regarding additional Free Appropriate Public Education claims in addition to the fact that no speech therapy logs exist for last school year. (.5) |
| 3/19/11    | .5 hrs.  | Consultation   with   Attorney Ferguson regarding counter-offer language. (.5) |
| 3/22/11    | 1.8 hrs. | Consultation   with Attorney Walheim regarding confidentiality issues related to billing and settlement negotiations. (.6) |
| 3/23/11    | .3 hrs.  | Consult with litigation counsel regarding same (Marzec and Walheim) [NOTE: the court split the total time (.7 hrs.) between this deductible task and another non-deductible task since no division of time was given by Plaintiffs' |

6

|  |  | counsel.] |
|---|---|---|
|  | .5 hrs. | Communication with Attorney Marzec regarding settlement confidentiality language regarding same. (.5) |
| 3/30/11 | 1 hrs. | Consultation with Attorney Ferguson regarding case status and strategy regarding Catahoula Parish School Board's witnesses. |
| 3/31/11 | 1 hrs. | Debrief with Attorney Walheim and Ferguson regarding due process hearing. |
| 6/9/11 | .6 hrs. | Consultation with Attorney Marzec regarding application for fees and petition for review. [NOTE: the court split the total time (1.3 hrs.) between this deductible task and another non-deductible task since no division of time was given by Plaintiffs' counsel.] |
| 6/23/11 | .5 hrs. | Consultation with Attorney Ferguson regarding [Petition for Review]. [NOTE: the court split the total time (1.5 hrs.) between this deductible task and two other non-deductible tasks since no division of time was given by Plaintiffs' counsel.] |
| 6/29/11 | .7 hrs. | Consultation with Attorney Dorrell regarding filing suit in federal court and recommendations regarding same. |
| 8/3/11 | 1 hrs. | Consultations with Attorney Ferguson and Dorrell regarding Original Petition to federal court and issues involving same including de novo review and level of deference provided to hearing officer at the lower level. |
| 8/4/11 | .6 hrs. | Consultation with Attorney Marzec regarding [Original Petition]. [NOTE: the court split the total time (1.7 hrs.) between this deductible task and two other non-deductible tasks since no division of time was given by Plaintiffs' counsel.] |

| | | |
|---|---|---|
| 8/15/11 | .2 hrs. | Telephone conference with Attorney Dorell regarding [Federal Rules of Civil Procedure]. [NOTE: the court split the total time (.5 hrs.) between this deductible task and one other non-deductible task since no division of time was given by Plaintiffs' counsel.] |
| 2/14/12 | 1.1 hrs. | Consultation with Dorrell regarding [Motion for Summary Judgment/Motion for Judgment on Administrative Record]. [NOTE; the court split the total time (2.3 hrs.) between this deductible task and one other non-deductible task since no division of time was given by Plaintiffs' counsel.] |
| 2/16/12 | 1.25 hrs. | Consultation with Dorrell regarding [Motion for Summary Judgment/ In Support of Judgment on Administrative Record]. [NOTE: the court split the total time (6 hrs.) between this deductible task and three other non-deductible tasks since no division of time was given by Plaintiffs' counsel.] |
| 2/23/12 | 1.3 hrs. | Consultation with Attorney Dorrell regarding [motion for summary judgment]. [NOTE: the court split the total time (4 hrs.) between this deductible task and two other non-deductible tasks since no division of time was given by Plaintiffs' counsel.] |
| 2/29/12 | .5 hrs. | Analysis with Attorney Dorrell regarding use of Appendix and missing Petitioner's 108 from Administrative Record. [NOTE: the court split the total time (1.5 hrs.) between this deductible task since no division of time was given by Plaintiffs' counsel.] |
| 3/2/12 | .7 hrs. | Consultation with Attorney Dorrell regarding local rule requirement regarding Statement of Facts to be set forth in separate document rather than in separate place within the briefing. [NOTE: the court split the total time (1.5 hrs.) between this deductible task and one |

other non-deductible task since no division of time was given by Plaintiffs' counsel.]

| 3/6/12 | .3 hrs. | T/c with Attorney Dorrell regarding [local rule 7.1 and physical copy sent to judge]. [NOTE: the court split the total time (1 hr.) between this deductible task and two other non-deductible tasks since no division of time was given by Plaintiffs' counsel.] |

4/2/12          .7 hrs.          Consultation with Attorney Dorrell regarding [ reply brief to Defendant's Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment]. [NOTE: the court split the total time (2.3 hrs.) between this deductible task and two other non-deductible tasks since no division of time was given by Plaintiffs' counsel.]

6/18/12          .2 hrs.          Research and consult with Attorney Dorrell regarding pretrial stipulations when dispositive motions from parties are outstanding. [NOTE: the court split the total time (.8 hrs.) between this deductible task and two other non-deductible tasks since no division of time was given by Plaintiffs' counsel.]

6/19/12          .25 hrs.          Consultation with Attorney Marzec regarding [draft of pretrial stipulations]. [NOTE: the court split the total time (1 hr.) between this deductible task and three other non-deductible tasks since no division of time was given by Plaintiffs' counsel.]

6/20/12          .4 hrs.          T/c to Attorney Marzec regarding options in light of parties agreement that dispositive motions should be answered prior to trial date being set. [NOTE: the court split the total time (1.2 hrs.) between this deductible task and two other non-deductible tasks since no division of time was given by Plaintiffs' counsel.]

| | | |
|---|---|---|
| 11/26/12 | .3 hrs. | Telephone consultation with Attorney Dorrell regarding oral argument and issues addressed during same. |
| 3/6/13 | .4 hrs. | Consultation with Atrorney Marzec regarding [Advisory to the Court]. [NOTE: the court split the total time (1.2 hours) between this deductible task and two other non-deductible tasks since no division of time was given by Plaintiffs' counsel.] |
| 3/7/13 | .7 hrs. | In-office consultation with Attorney Marzec regarding [federal rules of civil procedure issue]. [NOTE: the court split the total time (1.5 hrs.) between this deductible task and another non-deductible task since no division of time was given by Plaintiffs' counsel.] |
| 3/8/13 | .2 hrs. | Further consultation with Attorney Marzec regarding federal court procedures and purpose of advisory to the court. [NOTE: the court split the total time (.8 hrs.) between this deductible task and two other non-deductible tasks since no division of time was given by Plaintiffs' counsel.] |
| 7/29/13 | .3 hrs. | Electronic mail communication with Attorney Ferguson regarding superintendent consideration of IEP team decision and legality of same. |

|  |  |  |
|---|---|---|
| | TOTAL: | 23.2 hrs. |
| | COMBINED TOTAL: | 115 + 23.2 = 138.2 hrs. |

D.     Fees attributable to the filing or defending of Plaintiffs' Motion for Attorney Fees in this Court:

| | | |
|---|---|---|
| 10/4/13 | .5 hrs. | Review federal court decision and the record in preparation to draft request for fees and motion in support thereof. Consultation with |

|          |          |                                                                                                                                                                                                                              |
|----------|----------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|          |          | paralegal regarding same.   Instructions regarding same.                                                                                                                                                                       |
| 10/7/13  | 1.7 hrs. | Review bill of costs and preparations regarding drafting of same. Instructions to Ed Saks. Review research file regarding lodestar issues and relevant information regarding same. Meeting with Attorney Marzec and Ed Saks regarding same. |
| 10/7/13  | .3 hrs.  | Review Local Rule 54 and Federal Rules of Civil Procedure regarding timelines.                                                                                                                                                 |
| 10/8/13  | 1 hr.    | Research regarding lodestar issue and related review of caselaw regarding attorney fees.                                                                                                                                        |
|          | 1.2 hrs. | Continue drafting motion for attorney fees. Review caselaw and analysis with Attorney Marzec and Ed Saks.                                                                                                                        |
|          | 1.2 hrs. | Telephone interviews with Louisiana attorneys regarding affidavits for purposes of attorney fees motion.   Continue drafting same. Electronic mail communication regarding same with Ed Saks and Attorney Marzec.              |
|          | 1.8 hrs. | Detailed review of attorneys fee bill.                                                                                                                                                                                          |
| 10/9/13  | .5 hrs.  | Continue breaking down bill for Motion.                                                                                                                                                                                         |
|          | .5 hrs.  | Electronic mail communication with Ed Saks regarding bill of costs and issues regarding same.                                                                                                                                   |
|          | 2.5 hrs. | Extensive review and calculations of attorney's fees and review of billing regarding activities related to same.  Draft motion for fees. Electronic mail communication with Ed Saks and Attorneys Marzec and Poneck regarding same. Telephone consultations with Marzec and Saks regarding same. |

| 10/11/13 | .4 hrs. | Draft and send affidavits to Families Helping Families regarding representation. |
| | 1.7 hrs. | Draft and revise Motion for Attorney's Fees. |
| | .3 hrs. | Telephone calls with attorneys regarding affidavits and finalization of same. |
| 10/13/13 | .3 hrs. | Electronic mail communications and telephone calls with Jim Hollis regarding attorneys fees issues. |
| 10/14/13 | 1 hr. | Continue to prepare Motion for attorney's fees.  Acquire affidavits from Nettles and Hollis. |
| | 1.3 hrs. | Review and revise charts regarding fees and break down total fee bill into sections representing various stages of three year litigation. |
| 10/15/13 | 2.3 hrs. | Review and revise motion for attorney's fees including review and revision of time for drafting motion for fees. Finalize acquisition of affidavits and final consultations regarding same.  Finalize calculations or reimbursable fees. Draft affidavit. |
| 10/16/13 | 1.5 hrs. | Finalize Motion for Attorneys fees including exhibits. |
| | TOTAL: | 19.8 hrs. |

| | |
|---|---|
| GRAND TOTAL OF HOURS TO BE DEDUCTED: | 190.55 hrs. |
| REVISED TOTAL OF PERMISSIBLE HOURS: | 510.25 hrs. |
| PERMISSIBLE HOURLY RATE: | $175/hr. |
| **LODESTAR:** | **$89,293.75** |

II.     Revision of Lodestar According to Discretionary Factors

    A.     35% reduction in Lodestar for reasons assigned in the Court's
        Memorandum Ruling                          $31,251.81

**FINAL AWARD OF ATTORNEY'S FEES BY COURT:     $58,041.94**

13